UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 09-01-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JOHN DAVID PINKE, and ) | **& ORDER** |
| RUSSELL JASON OEHLSON, ) | |
| ) | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 15, 2009, a grand jury indicted Defendants John David Pinke and Russell Jason Oehlson[1], inmates at the United States Penitentiary-Big Sandy, on counts of assault with intent to murder and possession of a prohibited object or weapon due to an attack on fellow inmate Aaron Pike. *See* R. 1. The United States filed a Motion in Limine, R. 30, seeking to preclude the Defendants from raising a defense of duress, necessity, or justification. Defendants filed Responses, R. 35 & R. 36. In addition to responding to the Government's motion, Defendant Pinke has also requested discovery regarding prison gang violence during a prior incident at the United States Penitentiary-Hazelton, where inmate Pike was previously being held, general instances of gang violence at Big Sandy, and additional discovery regarding co-Defendant Oehlson. R. 41. Having considered the parties' arguments, the Court concludes that Defendant

---

[1] Defendant Russell Jason Oehlson has moved to be rearraigned on the charges contained in the Indictment, R. 48. His arraignment is scheduled for May 12, 2009. His arguments are not addressed herein and are hereby denied without prejudice to him raising them again if necessary.

1

Pinke is not entitled to raise the defense of duress, necessity or justification, nor is Pinke entitled to additional discovery.

### I. Defense of Duress

Defendant Pinke is not entitled to raise the defense of duress, necessity or justification in order to justify his attack on inmate Pike because he has not presented even a scintilla of evidence to establish that he faced a specific threat of harm from inmate Pike. In order to establish a prima facie case of duress, a defendant must show, among other things, that he was "under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury." *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (quoting *United States v. Riffe*, 28 F.3d 565, 569 (6th Cir.1994), *abrogated on other grounds by Dixon v. United States*, 548 U.S. 1 (2006)). Pinke had multiple opportunities to demonstrate to the Court that he was under a specific threat of harm. On April 8, 2009, this Court heard argument from counsel regarding the United States' Motion in Limine to prevent Pinke from relying on a duress defense. Pinke did not provide any specific allegations to the Court at that time. The Court provided Pinke with another opportunity to present such facts and allowed Pinke to present such facts both under seal and *ex parte*. Again, however, Pinke only offered conclusory allegations and no specific facts demonstrating that he was in fear of death or serious bodily injury. *See* R. 44. His counsel provided the affidavit and stated that he was not allowed to elaborate further. *See id.* The Court has done everything possible to allow Pinke to establish the predicate facts to raise a duress defense. His decision not to provide the court with *any* facts establishing that he was in fear of death or serious bodily injury precludes this Court

from allowing him to raise a defense of duress.

To the extent that Pinke is arguing that the violent atmosphere in the prison allows him to claim the defense of duress, this argument has been specifically rejected by the Sixth Circuit. *United States v. Howe,* 289 Fed. App'x 74, 78 (6th Cir. 2008) (finding a prison inmate's reliance on the "pervasive atmosphere of violence within the prison" was "far too amorphous to qualify as 'imminent and immediate'"). In short, Pinke's mere conclusory statements and generalized fears are simply unavailing.

Moreover, Pinke cannot rely on his membership in a prison gang to establish an "imminent threat." At the time of the April 8, 2009, hearing, Pinke admitted to being a member of a prison gang—a fact he may now dispute. The duress defense is unavailable to inmates who voluntarily join a prison gang. *See id.* at 77-78 (citing *United States v. Campbell*, 675 F.2d 815, 820 (6th Cir.1982)). If Pinke is indeed a member of a prison gang, such membership cannot be used to support an imminent threat under the first prong of the duress defense.

The Court also notes that Pinke fails to establish the third element—i.e., that he had no legal alternative. Therefore, he is precluded from asserting duress on this ground as well. The third element of a duress defense requires a showing "that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm." *Johnson*, 416 F.3d at 468 (quoting *Riffe*, 28 F.3d at 569). In his affidavit, Pinke concedes that he could have reported that a "dilemma, problem, or issue" existed vis-a-vis another inmate, but believed that such a reporting would not have ensured his safety. R. 44 at 2. The burden to establish this element is low, "so long as there is even weak supporting evidence"

3

to support the defense. *Riffe*, 28 F.3d at 569 (citing *United States v. Newcomb*, 6 F.3d 1129,1132 (6th Cir. 1993)). Even applying this deferential standard, Pinke has failed to satisfy this third element.

Pinke has offered no actual evidence that he had no viable alternative but to attack inmate Pike. In *Riffe*, the Sixth Circuit held that a defendant, through his testimony and evidence of immediate harm, was entitled to a jury instruction on the duress defense because he presented a "well-founded fear that going to prison officials might have placed him in more danger." *Id*. at 570. This is factually distinguishable from the instant case. Pinke alleges that a recent attack against him in the special housing unit is evidence that prison officials could not assure his safety. R. 44 at 2. However, Pinke does not link this recent attack, by a different inmate, to his belief at the time he attacked inmate Pike that he had no reasonable, legal alternative to violating the law. These are two separate and unrelated events. Moreover, Pinke has submitted no evidence that he warned prison officials and then was attacked. He simply points out that he was attacked. Thus, Pinke also fails satisfy the third element in order to establish the defense of duress. Because Defendant Pinke cannot satisfy at least two of the five elements to make a prima facie case, he is not entitled to present a theory of duress, necessity or justification. The Court need not address the additional three elements.

## II. Discovery

Because Pinke is not entitled to the present the theory of the duress defense, any additional discovery related to that defense is not warranted. The current record reflects that an "incident" of prison violence occurred at the United States Penitentiary-Hazleton in June 2008 where inmate

4

Pike was previously in custody. During discovery, the United States provided to Pinke a redacted copy of this incident, thereby preventing the disclosure of the identity of the witnesses and those involved. Pinke seeks an "unredacted copy of the reports regarding the Hazleton incident and the letter produced with it" arguing that these documents are material to the preparation of his defense pursuant to Federal Rule of Criminal Procedure 16. *Se*e R. 41.

It is well established the United States has a duty to disclose material evidence to the defense. *See United States v. Agurs*, 427 U.S. 97, 104 (1976) (finding "implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial"); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"). However, Pinke has not demonstrated that the un-redacted report is material to his defense. Pinke contends that the information is material because it would allow for the identification of possible sources of information and possible witnesses. *See* R. 41. This is merely a fishing expedition. As discussed, the elements of the theory of the duress defense require that Pinke allege specific threats in order to establish that he attacked inmate Pike out of imminent fear of death or serious bodily injury. Pinke should be able to identify any witnesses or information that gave rise to his personal belief that he faced such an imminent threat. He has failed to do so. Any further discovery related to the incident at the United States Penitentiary-Hazleton is hereby denied.

In addition, Pinke seeks more generalized discovery regarding "gang interest, activity, or connection to the offensive charge in the indictment" and "incidents of violence more generally

5

that have occurred at USP-Big Sandy since defendant's arrival at that institution." R. 41 at 6. Pinke argues this discovery is also material in preparation of a duress defense. Pinke has not identified how it is material. He could have, for example, pointed to specific incidents where dangers were reported but not acted upon by prison authorities. Had he done so, it could go to the third element–the belief that reporting would be unavailing. He could point to specific incidents involving Pike threatening him. He has done nothing of the sort. Thus, he is not entitled to this discovery.

Defendant Pinke also seeks discovery regarding Defendant Oehlson's alleged gang affiliation. The Court does not see the relevance of his co-Defendant's gang affiliation. Defendant Oehlson's alleged gang affiliation is unrelated to whether Defendant Pinke faced an imminent threat. Moreover, like Pinke, Oehlson claimed to be a member of a gang at the April 8, 2009, hearing. Pinke was present and heard Oehlson's declaration. Pinke has failed to demonstrate a need for additional discovery in this regard.

**III. Conclusion**

Accordingly, it is **ORDERED**:

(1) The United States' Motion in Limine, R. 30, is **GRANTED**.

(2) Defendant Pinke's Motion for Additional Discovery, R. 41, is **DENIED**.

(3) Defendant Oehlson's Motion for Additional Discovery, R. 42, is **DENIED WITHOUT PREJUDICE** to him raising it again in the event he does not plead guilty.

This 28th day of April, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge